United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD AARON MARTIN,<br>　　　　Plaintiff,<br>　v.<br>Z. BASNETT, et al.,<br>　　　　Defendants. | Case No. 17-cv-06263-YGR (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## I. INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at California State Prison-Los Angeles County, has filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison officials at Pelican Bay State Prison ("PBSP"), where he was previously incarcerated. Dkt. 1. He has also filed a motion for leave to proceed *in forma pauperis*, which will be granted in a separate written Order.

Plaintiff has named the following Defendants at PBSP: Sergeant Z. Basnett; and Correctional Officers E. Burr, E. Contreras, D. Torne, and R. Scruggs. *Id.* at 2.[1] Plaintiff seeks monetary and punitive damages. *Id.* at 3.

Venue is proper because the events giving rise to Plaintiff's claims in his complaint are alleged to have occurred at PBSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

The Court now reviews Plaintiff's complaint pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the Court DISMISSES the complaint with leave to amend to correct certain deficiencies addressed below.

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Legal Claims

Plaintiff states that, on December 28, 2016, Defendants Burr, Contreras and Basnett "with other unidentified officers extracted Plaintiff and his cellmate from their cell and confiscated everything from the cell . . . leaving behind only trash . . . ." Dkt. 1 at 5. Plaintiff claims that he "was left without basic human necessities and religious liberties for at least 14 days with no pen[o]logical reason." *Id.*

On January 2, 2017, Plaintiff filed a CDCR Form 22, Inmate/Parolee Request for Interview, Item or Service, to request for the return of his property, but Defendants Basnett only returned Plaintiff's cellmate's property. *Id.*

On January 10, 2017, Defendants Burr and Contreras returned Plaintiff's property "excluding his T.V. and typewriter that were alleged to be altered." *Id.* However, Plaintiff claims that "R&R found them not to be altered and returned them later." *Id.*

In early February 2017, Plaintiff had a disciplinary hearing for three serious Rules Violation Reports ("RVRs") stemming from the December 28, 2016 search, including possession of a cellphone, and altering his T.V. and typewriter. *Id.* Plaintiff claims that Defendant Contreras

retaliated against Plaintiff for filing grievances by falsifying documents related to the RVR involving the altered typewriter. *Id.* at 6. Plaintiff was found guilty of altering his T.V., and his charge of altering his typewriter was "reduced to counseling." *Id.* at 5-6.

On February 3, 2017, Defendant Scruggs forwarded Plaintiff's mail to the Investigative Services Unit ("ISU") "with no pen[o]logical reason." *Id.* at 6. Plaintiff claims that Defendant Torne interviewed him on February 28, 2017 and "stated that neither the mail in question nor any other mail was being withheld." *Id.*

In late February 2017, Plaintiff claims that he was interrogated by Lieutenant Basso, "an internal affair[s] agent[,] about [the] cellphone and how it was acquired." *Id.* Plaintiff claims that during this interrogation, his cell was searched by ISU Officers Chaves and Kauffman. *Id.* Plaintiff claims that his property was again confiscated, and that "[his] cell has been targeted for searched at [a] minimum of 20 times during the appeals process." *Id.*

In late April 2017, Plaintiff claims that his mail was "not reaching his intended destinations" because they were allegedly being returned to the senders as being "refused by [Plaintiff]." *Id.* at 6-7.

Plaintiff claims that on October 10, 2017, "the above [D]efendants and others extracted Plaintiff from his cell and placed him in a "cage" for "approximately three or more hours while searching [his] and another inmate[']s cell." *Id.* at 7. Plaintiff claims that prison staff confiscated his property and he was "left without bedding until [sic] approximately 8:30 PM." *Id.* He adds that prison staff alleged that his T.V. was altered and issued another RVR. *Id.* Plaintiff claims that prison staff's actions were "in retaliation" due to Plaintiff filing appeals. *Id.*

Here, Plaintiff's complaint does not clearly set out information regarding why his claims and Defendants are properly joined.

Federal Rule of Civil Procedure Rule 20 provides,

> All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief arising out of the same transaction, occurrence or series of transactions or occurrences *and* if any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a) (emphasis added). Further, Rule 21 provides that where parties are

3

misjoined, they may be "dropped or added by order of the court . . . on such terms as are just." Fed. R. Civ. P. 21; *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).

Rule 20(a) requires that a plaintiff cannot assert unrelated claims against different defendants. In his amended complaint, Plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein. Claims that do not satisfy Rule 20(a) must be alleged in separate complaints filed in separate actions.

In this case, Plaintiff asserts unrelated claims against different Defendants. There does not appear to be any commonality of right to relief arising out of his claims: that Defendants Burr, Contreras, and Basnett retaliated against him, and exhibited cruel and unusual punishment when they maliciously searched his cell; that Defendant Contreras retaliated against Plaintiff for filing grievances by falsifying documents related to the RVR; that Defendant Scruggs mishandled his mail by sending it to ISU and Defendant Torne denied Plaintiff's mail was being withheld; that Plaintiff was retaliated against for filing appeals by unknown Defendants who searched his cell in February 2017 and 20 times during the appeals process; that his mail was again mishandled in April 2017; and that the "above [D]efendants and others" (Plaintiff does not specify which named Defendants) retaliated against him for filing grievances by maliciously searching his cell and issuing him another RVR. Dkt. 1 at 5-7. Plaintiff cannot join these claims, he must file them as separate lawsuits, if he is so inclined. With regard to the instant action, this Court providing Plaintiff with one further attempt to determine himself which of the many listed claims he wishes to proceed on. Therefore, the Court now dismisses the complaint with leave to amend, providing Plaintiff with one further opportunity to file a complaint that only includes properly joined defendants and claims.

The Court again reminds Plaintiff that in filing his amended complaint, Plaintiff should also comply with the appropriate rules regarding civil complaints. Rule 8(d) requires that each averment of a pleading be "simple, concise, and direct," and may be the basis for dismissal. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant").

4

In his amended complaint, Plaintiff must provide a short and plain and separate statement regarding each claim: the specifics regarding the mistreatment he suffered, how it violated his constitutional rights, whether he suffered any injury as a result, and the conduct of each individual Defendant that he asserts is responsible for a constitutional violation. Plaintiff must specifically identify what each named Defendant did or did not do in order to state a claim with regard to each separate claim. While Plaintiff may attach exhibits in support of his claims, he must identify how each applies to his claims.

In his amended complaint, Plaintiff must establish legal liability of each person for the claimed violation of his rights. Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633; *see, e.g.*, *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent Eighth Amendment violation may be basis for liability). Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. *Leer*, 844 F.2d at 634.

With regard to any supervisory employees named, Plaintiff should be mindful that a supervisor may be liable under section 1983 only upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Finally, the amended complaint need not be long. In fact, a brief and clear statement with

regard to each claim listing each Defendant's actions regarding that claim is preferable. Plaintiff should state his claims simply and need not present a lengthy history unrelated to the actions he complains about. The amended complaint should comply with Rule 8 and provides a brief and coherent recitation of his claims regarding only those Defendants who are properly joined. Plaintiff must also prove that he exhausted *all* of his claims against each Defendant before he filed this action.

Accordingly, the complaint is DISMISSED with leave to amend in order to correct the deficiencies outlined above.

## III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's complaint is DISMISSED with leave to amend in order to give him the opportunity to file a **simple, concise and direct** amended complaint which:

    a. States clearly and simply each claim he seeks to bring in federal court as required under Rule 8, and he should:

        i. Set forth **each claim** in a separate numbered paragraph;

        ii. Identify **each Defendant** and the **specific action or actions each Defendant took, or failed to take,** that allegedly caused the deprivation of Plaintiff's constitutional rights; and

        iii. Identify the injury resulting **from each claim**;

    b. Explains how he has exhausted his administrative remedies **as to each claim** as against **each Defendant** *before* he filed this action as required by 42 U.S.C. § 1997e(a), or whether such remedies were "unavailable" to him within the meaning of the statute;

    c. Only alleges those claims that are properly joined under Rule 20(a) (concerning joinder of claims and Defendants) or, stated differently, the amended complaint may only allege claims that:

        i. Arise out of the **same** transaction, occurrence, or series of transactions or occurrences; and

        ii. Present questions of law or fact common to **all Defendants**;

d. **Does not** make conclusory allegations linking each Defendant by listing them as having direct involvement to his claims without specifying how each Defendant was linked through their actions; and

e. **Does not** name any Defendant who did not act but is linked solely in his or her respondent superior capacity or against whom Plaintiff cannot allege facts that would establish either supervisorial or municipal liability.

2. Within **twenty-eight (28) days** from the date of this Order, Plaintiff shall file his amended complaint as set forth above. Plaintiff must use the attached civil rights form, write the case number for this action—Case No. C 17-6263 YGR (PR)—on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form. Because the amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). He may not incorporate material from the original complaint by reference. If Plaintiff wishes to attach any additional pages to the civil rights form, he shall maintain the same format as the form, i.e., answer only the questions asked in the "Exhaustion of Administrative Remedies" section without including a narrative explanation of each grievance filed. **Plaintiff's failure to file his amended complaint by the twenty-eight-day deadline or to correct the aforementioned deficiencies outlined above will result in the dismissal of this action without prejudice.**

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must file a notice of change of address promptly, specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

4. The Clerk of the Court shall send Plaintiff a blank civil rights complaint form along

with his copy of this Order.

IT IS SO ORDERED.

Dated: April 4, 2018

_____
YVONNE GONZALEZ ROGERS
United States District Judge