UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FLOYD AARON MARTIN,

    Plaintiff,

v.

Z. BASNETT, et al.,

    Defendants.

Case No. 17-cv-06263-YGR (PR)

**SECOND ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## I. INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at California State Prison-Los Angeles County, filed a civil rights complaint under 42 U.S.C. § 1983 regarding the conditions of his confinement at Pelican Bay State Prison ("PBSP"), where he was previously incarcerated. On April 4, 2018, the Court reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and dismissed the complaint with leave to amend within twenty-eight days, with various instructions to correct certain deficiencies, including that Plaintiff must file an amended complaint that complies with the joinder requirements of Federal Rule of Civil Procedure 20(a). The Court provided Plaintiff with the rules regarding joinder of Defendants as well as other pleading requirements. Plaintiff has since filed an amended complaint (dkt. 9), which the Court now reviews under 28 U.S.C. § 1915A.

## II. DISCUSSION

In his amended complaint, Plaintiff has once again raised unrelated claims and Defendants. Just as in his original complaint, Plaintiff has named the following Defendants: PBSP Sergeant Z. Basnett; and Correctional Officers E. Burr, E. Contreras, R. Scruggs, and D. Torne/Torn/Trone.[1]

---

[1] Plaintiff had named PBSP Correctional Officer "D. Torne" in his original complaint. Dkt. 1 at 2. However, he did not include this Defendant under the section labeled "Parties" or in the body of his Amended Complaint. Dkt. 9 at 2. Instead, he includes PBSP Correctional Officer named "D. Torn" and "D. Trone." *Id.* at 2, 6. Therefore, the Court assumes Plaintiff is unsure of the spelling of this Defendant's last name. The Clerk of the Court shall note in the record that Defendant Torne's name could also be spelled as "Torn" or "Trone."

*Id.* at 2.[2] Plaintiff has also added the following Defendants at PBSP: Sergeant K. Price; Lieutenant Basso; and Correctional Officers Kaufman and Chavez. *Id.* Plaintiff seeks monetary and punitive damages. *Id.* at 3.

The claims in the amended complaint still include alleged violations of multiple constitutional rights, including that:

- Defendants Burr, Contreras, and Basnett retaliated against him, and exhibited cruel and unusual punishment when they maliciously searched his cell on December 28, 2016;
- on January 10, 2017 Defendant Contreras retaliated against Plaintiff for filing grievances by falsifying documents related to an alleged altered typewriter;
- on February 3, 2017, Defendant Scruggs mishandled his mail by sending it to ISU and that Defendant Torne/Torn/Trone lied about Plaintiff's mail being withheld maliciously and "enabling the harassment and retaliation by his unit";
- on February 28, 2017 Plaintiff was retaliated against by Defendants Basso, Kauffman, and Chavez for "speaking to internal affairs" about officers who searched his cell in February 2017 and 20 times during the appeals process;
- his mail was again mishandled in April 2017; and
- on October 10, 2017, Plaintiff was retaliated against (for filing grievances) by Defendant Basnett as well as Sgt. K. Price and Officer J. Pena (as well as some unknown defendants), who searched his cell, broke his TV, and confiscated his property. *Id.* at 4-7.

The events described above appear to involve more than one claim. Accordingly, Plaintiff has failed to comply with the Court's instructions to file only those claims against Defendants that are properly joined. Therefore, Plaintiff's amended complaint cannot proceed. Because the Court cannot determine on which of the improperly joined claims Plaintiff wishes to proceed, the amended complaint is DISMISSED with leave to file a second amended complaint ("SAC") that

---

[2] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

complies with the necessary pleading requirements.

### A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Legal Claims

As mentioned, Plaintiff's amended complaint does not clearly set out information regarding why his claims and Defendants are properly joined.

As the Court previously notified Plaintiff, Federal Rule of Civil Procedure Rule 20 provides,

> All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief arising out of the same transaction, occurrence or series of transactions or occurrences *and* if any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a) (emphasis added). Further, Rule 21 provides that where parties are misjoined, they may be "dropped or added by order of the court . . . on such terms as are just." Fed. R. Civ. P. 21; *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).

Rule 20(a) requires that a plaintiff cannot assert unrelated claims against different defendants. In his SAC, Plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein. Claims that do not satisfy Rule 20(a) must be alleged in

3

separate complaints filed in separate actions.

In this case, Plaintiff appears to assert unrelated claims against different Defendants. Plaintiff has *again* repeated the same errors in his amended complaint. There does not appear to be any commonality of right to relief arising out of his claims, which take place during an almost one-year time frame from December 2016 through October 2017. Plaintiff cannot join these claims, he must file them as separate lawsuits, if he is so inclined. With regard to the instant action, this Court providing Plaintiff with one further attempt to determine himself which of the many listed claims he wishes to proceed on. Therefore, the Court now dismisses the amended complaint with leave to amend, providing Plaintiff with one further opportunity to file a SAC that only includes properly joined defendants and claims.

The Court again reminds Plaintiff that in filing his SAC, Plaintiff should also comply with the appropriate rules regarding civil complaints. Rule 8(d) requires that each averment of a pleading be "simple, concise, and direct," and may be the basis for dismissal. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant").

In his SAC, Plaintiff must provide a short and plain and separate statement regarding each claim: the specifics regarding the mistreatment he suffered, how it violated his constitutional rights, whether he suffered any injury as a result, and the conduct of each individual Defendant that he asserts is responsible for a constitutional violation. Plaintiff must specifically identify what each named Defendant did or did not do in order to state a claim with regard to each separate claim. While Plaintiff may attach exhibits in support of his claims, he must identify how each applies to his claims.

In his SAC, Plaintiff must establish legal liability of each person for the claimed violation of his rights. Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or

omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633; *see, e.g.*, *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent Eighth Amendment violation may be basis for liability). Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. *Leer*, 844 F.2d at 634.

With regard to the supervisory employees named, Plaintiff should be mindful that a supervisor may be liable under section 1983 only upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Finally, the SAC need not be long. In fact, a brief and clear statement with regard to each claim listing each Defendant's actions regarding that claim is preferable. Plaintiff should state his claims simply and need not present a lengthy history unrelated to the actions he complains about. The SAC should comply with Rule 8 and provides a brief and coherent recitation of his claims regarding only those Defendants who are properly joined. Plaintiff must also prove that he exhausted *all* of his claims against each Defendant before he filed this action.

Accordingly, the amended complaint is DISMISSED with leave to amend in order to correct the deficiencies outlined above.

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The amended complaint is DISMISSED with leave to amend, as indicated above. The Court repeats its instructions on how to properly amend a complaint, which is taken from its April 4, 2018 Order of Dismissal With Leave to Amend, *see* dkt. 8 at 6-7:

Plaintiff's amended complaint is DISMISSED with leave to amend in order to give him the

opportunity to file a **simple, concise and direct** SAC which:

    a.    States clearly and simply each claim he seeks to bring in federal court as required under Rule 8, and he should:

        i.    Set forth **each claim** in a separate numbered paragraph;

        ii.    Identify **each Defendant** and the **specific action or actions each Defendant took, or failed to take,** that allegedly caused the deprivation of Plaintiff's constitutional rights; and

        iii.    Identify the injury resulting **from each claim**;

    b.    Explains how he has exhausted his administrative remedies **as to each claim** as against **each Defendant** *before* he filed this action as required by 42 U.S.C. § 1997e(a), or whether such remedies were "unavailable" to him within the meaning of the statute;

    c.    Only alleges those claims that are properly joined under Rule 20(a) (concerning joinder of claims and Defendants) or, stated differently, the amended complaint may only allege claims that:

        i.    Arise out of the **same** transaction, occurrence, or series of transactions or occurrences; and

        ii.    Present questions of law or fact common to **all Defendants**;

    d.    **Does not** make conclusory allegations linking each Defendant by listing them as having direct involvement to his claims without specifying how each Defendant was linked through their actions; and

    e.    **Does not** name any Defendant who did not act but is linked solely in his or her respondent superior capacity or against whom Plaintiff cannot allege facts that would establish either supervisorial or municipal liability.

    2.    Within **twenty-eight (28) days** from the date of this Order, Plaintiff shall file his SAC as set forth above. Plaintiff must use the attached civil rights form, write the case number for this action—Case No. C 17-6263 YGR (PR)—on the form, clearly label the complaint "Second Amended Complaint," and complete all sections of the form. Because the SAC completely replaces the original and amended complaints, Plaintiff must include in it all the claims he wishes

to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). He may not incorporate material from either the original or amended complaints by reference. If Plaintiff wishes to attach any additional pages to the civil rights form, he shall maintain the same format as the form, i.e., answer only the questions asked in the "Exhaustion of Administrative Remedies" section without including a narrative explanation of each grievance filed. **Plaintiff's failure to file his SAC by the twenty-eight-day deadline or to correct the aforementioned deficiencies outlined above will result in the dismissal of this action without prejudice.**

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must file a notice of change of address promptly, specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

4. The Clerk shall note in the record that Defendant Torne's name could also be spelled as "Torn" or "Trone."

5. The Clerk shall send Plaintiff a blank civil rights complaint form along with his copy of this Order.

IT IS SO ORDERED.

Dated: October 4, 2018

YVONNE GONZALEZ ROGERS
United States District Judge