UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FLOYD AARON MARTIN,

    Plaintiff,

v.

Z. BASNETTT, et al.,

    Defendants.

Case No. 17-cv-06263-YGR (PR)

**ORDER OF PARTIAL DISMISSAL; AND SERVING COGNIZABLE CLAIMS**

## I. INTRODUCTION

Plaintiff Floyd Aaron Martin, a state prisoner currently incarcerated at California State Prison - Los Angeles County, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that prison officials at Pelican Bay State Prison ("PBSP"), where he was previously incarcerated, violated his constitutional rights in 2016 and 2017. Plaintiff has since filed a Second Amended Complaint ("SAC"), which is the operative complaint in this action.[1] Dkt. 11.

His motion for leave to proceed *in forma pauperis* has been granted. Dkt. 7.

Venue is proper because the events giving rise to the claim are alleged to have occurred in PBSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

In his SAC, Plaintiff names the following Defendants at PBSP: Sergeants Z. Basnett, K. Price, and S. Wright; Lieutenant Basso; Correctional Officers E. Burr, E. Contreras, R. Scruggs, D. Torne, J. Pena, Kauffman, and Chavez; and John Doe. Dkt. 11 at 2.[2] Plaintiff seeks monetary and punitive damages. *Id.* at 11.

---

[1] The Court dismissed the original complaint with leave to amend. Dkt. 8. Thereafter, Plaintiff filed an amended complaint. Dkt. 9. The Court reviewed the amended complaint and dismissed it for failing to correct the deficiencies in the original complaint. Dkt. 10. Plaintiff then filed his SAC. Dkt. 11.

[2] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id*. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Under Federal Rule of Civil Procedure 20, persons may be joined in one action as defendants only if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. Proc. 20.

### B. Legal Claims

In his SAC, while Plaintiff includes facts relating to the previously-raised multiple claims against the named Defendants, it seems that he has narrowed his claims to the following:

2

(1) on December 28, 2016, Defendants Burr, Contreras, and Basnett retaliated against Plaintiff because he would not provide the code to a cell phone (that was found in Plaintiff's cell) by taking or destroying his property without due process, including his "religious material that [he] was mandated to have as he was the Chapel clerk/Inmate Minister teaching classes," confidential legal documents, canteen food, utensils, hygiene, mail, stationery, linen, clothing and cleaning supplies "without penological interest, but to collusively harass[,] intimidate and retaliate against Plaintiff"; (Dkt. 11 at 4) and

(2) Plaintiff filed a grievance related to the aforementioned "illegal taking of [his] state and personal property," and he claims that in retaliation for his filing his grievance, the following occurred: (a) on January 10, 2017, Defendants Burr and Contreras threatened Plaintiff that he would be receiving a rule violation report for an "altered typewriter" (*id.* at 5-6); (b) on February 3, 2017, Defendant Scruggs forwarded Plaintiff's mail to Defendants Burr and Contreras "and other [Investigative Services Unit ("ISU")] members for alleged screening process" and refused to deliver Plaintiff's mail (*id.* at 6); (c) on February 28, 2017, Defendant Torne lied about Plaintiff's mail being withheld (*id.* at 7); (d) on or around February 28, 2017, Defendants Basso, Kauffman, and Chavez retaliated against Plaintiff after he was "interviewed by internal affairs" when Defendant Basso ordering searches and Defendants Kauffman and Chavez conducting searches "at a minimum of 20 times during the process of seeking redress" (*id.* at 9); and (e) in February 2017, Defendant Wright "investigated Plaintiff['s] retaliatory mail claim where [Defendant Wright] reported conflicting and contradictory findings to cover up staff misconduct" (*id.* at 7).

At first glance, these claims still seem unrelated by fact or law, and therefore could arguably fall afoul of Federal Rule of Civil Procedure 20. They involve eight different defendants committing different acts (claims of retaliation, deliberate indifference, withholding mail, and violations of due process) at different times over two months. Plaintiff attempts to link these disparate events by alleging that they are acts of retaliation by the ISU officers who dislike him

3

because of the inmate grievances he filed after the December 28, 2016 incident and for his refusal to cooperate by providing the code of the cell phone. As proof of this conspiracy to retaliate, Plaintiff alleges that in February 2017, Defendant Scruggs told Plaintiff that the "squad (ISU) [members]" were the "ones that have it out for [Plaintiff]." *Id.* at 6-7. Furthermore, on February 28, 2017, after Plaintiff filed his grievance and spoke to internal affairs, Defendant Basso told Plaintiff that "[his] officers will be hitting [Plaintiff's] cell for good measure." *Id.* at 9. At this time, the Court will liberally construe the aforementioned allegations and will consider these disparate claims listed above in one action as they are close in time to each other because they occurred within a two-month time frame.

However, the Court finds that Plaintiff should bring a separate action as to any claims related to any references to an October 10, 2017 "second cell extraction" by Defendants Contreras, Pena and Price. This incident took place eight to ten months after the incidents listed above, and it is not clear to the Court that this "second cell extraction" is related to the December 28, 2016 cell extraction.

Accordingly, the claims that shall proceed here are the aforementioned cognizable claims of retaliation, deliberate indifference, withholding mail, and violations of due process stemming from the incidents from December 2016 through February 2017 against Defendants Basnett, Wright, Basso, Burr, Contreras, Scruggs, Torne, Kauffman, and Chavez. The remaining claims, including claims against Defendants Contreras, Pena, and Price relating to the October 10, 2017 "second cell extraction," are DISMISSED without prejudice to Plaintiff bringing them in separate actions, either in state or federal court.

Finally, Plaintiff identifies "John Doe" whose name he intends to learn through discovery. The use of Doe Defendants is not favored in the Ninth Circuit. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them. *Id*. Failure to afford the plaintiff such an opportunity is error. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, the claims against this Doe Defendant is DISMISSED from this action without prejudice. Should Plaintiff learn this Doe

4

Defendant's identity through discovery, he may move to file an amended complaint to add this Defendant as a named defendant. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's states cognizable claims of retaliation, deliberate indifference, withholding mail, and violations of due process stemming from the incidents from December 2016 through February 2017 against Defendants Basnett, Wright, Basso, Burr, Contreras, Scruggs, Torne, Kauffman, and Chavez.

2. The remaining claims, including claims against Defendants Contreras, Pena, and Price relating to the October 10, 2017 "second cell extraction," are DISMISSED without prejudice to Plaintiff bringing them in separate actions, either in state or federal court.

3. The claims against the Doe Defendant (John Doe) are DISMISSED WITHOUT PREJUDICE.

4. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint (dkt. 1) and all attachments thereto and a copy of this Order to the following Defendants at PBSP: **Sergeants Z. Basnett and S. Wright; Lieutenant Basso; Correctional Officers E. Burr, E. Contreras, R. Scruggs, D. Torne, Kauffman, and Chavez.** The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the California State Attorney General's Office. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

5. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required

to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

      6.      Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

          a.      No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

          b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to *pro se* plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated

> documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

*See Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce *evidence* in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

    c.    Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

    d.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7.    Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

8.    All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

9.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail

directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

10. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

Dated: April 10, 2019

_____
YVONNE GONZALEZ ROGERS
United States District Judge